IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF Illinois

EASTERN DIVISION

RECEIVED

NOV 10 2015 ERA

11-10-15
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Ronald HINTON
          Plaintiff

VS

WaRden malcus HaRdy, WaRden michael Limke,
LT. DunmaRs, OFFiceR D. JaBuReck,
SgT. maRcus HoLTon, TRoy Johnson, SgT. PRoda
          Defendants

1983 civil complaint

15c 10240
Judge Robert W. Gettleman
Magistrate Judge Maria Valdez
PC8

Ronald Hinton, ("PlainTiff") phase, presenTly confined at
STateville CoRRecTional cenTeR, P.O. Box 112, JolieT, IL. 60434,
files This civil complainT undeR the civil RighTS acT
title 42, Sec. 1983, againsT defendanTS WaRden HaRdy,
WaRden Lemke, LT. DunmaRs, officeR JabuReck, SgT. HolTon,
SgT. PRoda, TRoy Johnson and STaTes:

1) This is a civil action foR condition of confinemenT
seeking injunctive and moneTaRy damages againsT
defendant's foR commiTTing acTs conTRaRy To law,
which depRived plainTiff of his RighTS guaRanTeed
by the consTiTuTion and civil RighTs acT,
42 Sec. 1983.

## Parties

1.) Ronald Hinton, plaintiff a citizen of the United States and presently is confined at Stateville, P.O. Box 112, Joliet, IL. 60434

2.) Defendant: Warden Marcus Hardy (hereinafter "Warden Hardy") was the chief administrative officer here at Stateville at the time of incident. Hardy is responsible for the operation of Stateville and health and saffey of plaintiff. Warden Hardy is employeed By IDOC and sued in his individual capacity.

3.) Defendant: Warden Michael Lemke (hereinafter "Warden Lemke") was the chief administrative officer here at Stateville at the time of incident. Lemke is responsible for the operation of Stateville and health and saffey of plaintiff. Warden Lemke is employeed by IDOC and sued in his individual capacity.

4.) Defendant: LT. Joel Dunmars (hereinafter "LT. Dunmars") is the Lieutenant in O-house and responsible for the supervisen of the cellhouse and health and saffey of plaintiff. LT. Dunmars is employeed By IDOC and sued in his individual/official capacity.

(2)

5.) Deffendant: Derek J. JabuReck (herein after "JabuReck") is a coRRectional officer at Statevelle and Responsible for The secuRity, health and saffey of plaintiffs. JabuReck is employeed by IDOC and is sued in his individual/official capacity.

6.) Defendant: SgT. marcus Holton (herein after "Holton") is The supervisoR in O-house and Responsible for the secuRity, health and saffey of plaintiff. JabuReck is employeed by IDOC and is sued in his individual/official capacity.

7.) Defendant: TRoy Johnson (herein after "Johnson") was the chief maintenance officer at Statevelle and Responsible for the up keep of Statevelle. Johnson is employeed by IDOC and sued in his individual capacety.

8.) Defendant: SgT. PRoda was The supervisoR in O-house and Responsible for The secuRity, health and saffey of plaintiff. SgT. PRoda is employeed by IDOC and sued in his individual capacity.

### Jurisdiction

This action arises under 42 Sec. 1983 of the civil Rights act of the United States for injunctive, compensatory, and punitive damages which this court has jurisdiction under 28 U.S.C. 1331 and 1367.

### Venue

Venue is proper in this district pursuant to 28 U.S.C. 1391(b) and 1391(c) because all events or omissions giving Rise to the claim occurred within the Northern District of Illinois and, on information and belief, at least defendants Hardy, Lemke, Dunmars, JaBureck, Hinton, Johnson and Prada are believed to be domiciled in the Northern District of Illinois.

### Statement of Facts

1.) Plaintiff Ronald Hinton after making several unsuccessful attempts to get bolts/screws removed that posed a serious Risk of injury in plaintiff cell, the plaintiff while trying to come down from the top bunk the mattress slipped off the bunk causing his foot to slipp off the sink and hit the toilet causing him to fall forward hitting his eye on the Bolts/screw perthuding out of the wall in his cell, which in turn had to have surgery to Repair damage to his eye.

2.) upon information and belief, on July 13, 2012 the plaintiff notified officer Derek J. Jaburek that his cell had long bolts perthruding out of the wall in cell B-825. maintenance had removed a cabinet from the wall and left the bolts perthruding out 2" to 3" inches out which constantly caused plaintiff and cellmate to constantly scrape and poke themselves on the rusty bolts. Jaburek stated he'll put a work order to get the screws removed.

3.) upon information and belief, on July 23, 2012 the plaintiff wrote a letter to the chief Engineer supervisor detailing his complaint about the bolts perthruding from the walls and that he had notified officer Jaburek about the problem and that nothing had been done.

4.) upon information and belief, on July 24, 2012 the plaintiff had notified the B house Lieutenant J. Dunmars about the bolts/screws perthruding out the walls in his cell causing injury to plaintiff and his cellmate and difficulties climbing in and out of the top bunk to no ladder, thus causing him to climb on the sink and toilet which is a slippery task. Plaintiff ask Lt. Dunmars to put in a work order to remove the bolts/screws from the walls.

(5)

5.) Upon information and belief on September 20, 2012 the plaintiff informed Sgt. Holton and Sgt. Phada in writing that since July 2012 he has requested a work to be submitted in regards to the bolts/screws pertruding from his cell walls causing injury to him and his cellmate and that either a ladder, or chairs be placed in the cell to assist him in getting in and out of the top bunk and that the oversize mattress slides off the bunk when getting in and out of the bed.

6.) Upon information and belief, on October 10, 2012 the plaintiff wrote Warden Hardy in regards through his attempts to officer Jaburek, Sgt. Holton, Sgt. Phada, Lt. Dunmars and chief maintenance officer regarding the bolts/screws pertruding from the walls in his cell causing injury to his cellmate and him. And the difficulties climbing in and out of the top bunk by having to climb on the sink which is slippery and the oversize mattress which slides on and off the bed upon climbing into and out of the bed. Plaintiff informed Hardy that no work has been done to alleviate the problem.

7.) Upon information and belief, on march 20, 2013 the plaintiff while trying to get down from the top bunk his foot slipped off of the sink and hit the toilet, thus forcing him forward which caused his eye to go directly into one of the bolts pertruding from the wall.

8.) Upon information and belief the plaintiff was taken to stateville health care unit afterwhich was taken to St. Joseph hospital for an eye injury. Plaintiff had to have a lateral canthotomy and cantholysis performed to right eye.

9.) Upon information and belief, on march 21, 2013 the plaintiff was transferred to university of illinois at chicago hospital where Dr. Rakesh Patel further diagnosed plaintiff with right upper eyelid laceration with prolapsed orbital fat. Dr. Patel repaired the laceration through surgery.

10.) Upon information and belief, on march 28, 2013 the plaintiff notified warden Lemke in reference to the failure to remove the pertruding bolts/screws from the walls of his cell. He further notified the warden that he had injured his eye and had to have surgery due to the bolts piercing his eye.

11.) upon information and belief, on march 27, 2013 the plaintiff filed a grievance in Reference to the tables, chairs and shelves were Removed from 8-gallery cells in B-house. Warden Hardy promised that maintenance would Re-install these items. He further complained about 2 to 3 inch bolts/screws pertruding from his cell walls, improperly installed bunk that allows a person and mattress to slip off the bunk when trying to get in and out of the top bunk and injury he had sustained. Counselor Jill Hosselton acknowledged in Response to grievance that several metal pieces sticking out of the walls in each cell throughout B-house.

12.) upon information and belief on October 28, 2013 the administrative Review board sent plaintiff appealed grievance back stating not filed within 60 days of the incident. Yet that was inaccurate since grievance was filed on march 27, 2013 and incident happen on march 20, 2013 plaintiff Resubmitted the appeal to the ARB and grievance office.

13.) upon information and belief on January 28, 2014 the administrative Review board Leslie McCarty informed Statesville grievance office that plaintiff grievance of 3-27-13 was timely and to provide a Response.

14.) Upon information and belief on June 6, 2014 grievance officer Anna McBee responded to plaintiff grievance of 3-27-13. Grievance officer acknowledged plaintiff injury and further stated per maintenance metal sticking out of the wall in cell B 825 was removed / grinded down. Plaintiff appealed to the ARB. Appeal denied on 12/24/14.

15.) Upon information and belief plaintiff was moved to B1023 where metal is sticking out of the walls and per affidavit from inmate Kenneth Smith K54173 and Jarvis Leach the metal is still sticking out of cell B 825 contrary to what maintenance report.

Violation of Plaintiff's constitutional Rights

16.) Plaintiff realleges and incorpates paragraphs 1 through 15 as fully set therein.

17.) Upon information and belief, plaintiff has rights protected under the 8th and 14th amendments to the United States Constitution. Said rights include the right to be free from cruel and unusual punishment, due process and equal protection of the law.

18.) Upon information and belief, defendant Marcus Hardy Warden of Stateville, while acting under color of state law, violated plaintiff's eighth and fourteenth amendment protected rights to be free from cruel and unusual punishment, when defendant acted with deliberately indifference to the prison conditions at Stateville that are inadequate and hazardous to Plaintiff health. Failure to protect plaintiff's health and safety.

19.) Upon information and belief, defendant Michael Lemke Warden of Stateville, while acting under color of state law, violated plaintiff's eighth and fourteenth amendment protected rights to be free from cruel and unusual punishment, when defendant acted with deliberately indifference to the prison conditions at Stateville that are inadequate and hazardous to Plaintiff health. Failure to protect plaintiff's health and safety.

20.) Upon information and belief, defendant Lt. J. Danmars while acting under color of state law, violated Plaintiff's eighth and fourteenth amendment protected rights to be free from cruel and unusual punishment, when defendant acted with deliberately indifference to the prison conditions at Stateville that are inadequate and hazardous to plaintiff health. Failure to protect plaintiff's health and safety.

21.) Upon information and belief, defendant Sgt. Marcus Hotton while acting under color of state law, violated Plaintiff's Eighth and fourteenth protected Rights to be free from cruel and unusual punishment, when defendant acted deliberately indifference to the prison conditions at Stateville that are inadequate and hazardous to plaintiff health. Failure to protect plaintiff's health and safety.

22.) Upon information and belief, defendant Sgt. Proda while acting under color of state law, violated plaintiff's Eighth and fourteenth amendment protected Rights to be free from cruel and unusual punishment, when defendant acted deliberately indifference to the prison conditions at Stateville that are inadequate and hazardous to plaintiff health. Failure to protect plaintiff's health and safety.

23.) Upon information and belief, defendant Troy Johnson former chief Engineer, while acting under color of state law, violated Plaintiff's Eighth and fourteenth amendment protected Rights to be free from cruel and unusual punishment, when defendant acted deliberately indifference to the prison conditions at Stateville that are inadequate and hazardous to plaintiff health.

24.) Upon information and belief, The defendants have violated their duty and responsibility of protecting Plaintiff from inadequate and hazardous prison conditions.

25.) Upon information and belief, The defendants posses actual Knowledge of the inadequate and hazardous conditions, and have impeded the preventable measures of harm.

26.) Upon information and belief, all defendants posses the power to correct all of the inadequate and hazardous prison condition Plaintiff has alleged.

### Conclusion

Wherefore, Plaintiff prays this honorable court for judgement against defendants and States:

A.) award compensatory damages from all defendants in an amount to be determined at trial;

B.) award punitive damages for suffering mental anguish, pain suffering to body and mind to be determined at trial;

C.) a permanent injunction prohibiting defendants in further deliberate indifference acts against Plaintiff;

D.) cost of this suit and such other and additional relief this court deems just. Trial by Jury.

(12)

## Certification

By signing this complaint, I certify that the facts stated in this complaint are true and accurate to best of my knowledge, information and belief.

Date: 10/6/15

Ronald Hinton
P.o. Box 112
Joliet, IL. 60434