IN THE UNITED STATES COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

Ronald Hinton (#R32517),
    Plaintiff,

v.

Marcus Hardy, et al.,
    Defendants.

Case No. 15 C 10240

Honorable Robert W. Gettleman

Judge Presiding.

FILED
JAN 29 2016
1-29-16
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S DECLARATION IN SUPPORT OF HIS FIRST AMENDED COMPLAINT

Ronald Hinton states:

1. I am the pro se plaintiff in the above-captioned matter, and make this Declaration in Support of my First Amended Complaint.

2. I am a prisoner of the Illinois Department Of Corrections and currently incarcerated at Stateville Correctional Center.

3. Prior to occupying cell B825, I asked a member of the security staff if the cell had been searched for, and cleared of, contraband as to not be held responsible for anything that belonged to, or was left behind by, another inmate.

4. The gallery officer, i.e., security staff, expressed that he had not personally searched the cell, and did not believe that any other officer had searched the cell prior to my arrival.

5. While moving my personal property into the cell, I immediately noticed the protruding bolts because they were located in a large open space where the shelf is normally affixed to the cell wall.

6. Following a closer inspection, I asked the gallery officer if there was someone that could be notified regarding the bolts, because in addition to a clear hazard, one of the bolts appeared to be loose and I did not want to be accused of attempting to remove the bolt, by another security staff member in the future.

7. While waiting for the bolts to be removed, my cellmate and I repeatedly suffered minor injuries from the protruding bolts.

8. In an effort to have the bolts removed prior to my eye injury, I made numerous verbal requests, and forwarded several written requests to the named defendants in the above-captioned matter.

9. Further, I filed several "emergency" grievances, directly to the warden of Stateville C.C., in an effort to have the bolts removed, but never received any response.

10. Subsequent to suffering the eye injury from the bolt, a housing-unit counselor noted that there were pieces of metal protruding from the walls inside numerous cells in housing unit B.

11. A grievance officer reported that, after my eye injury, the bolts protruding from the wall were removed.

12. However, I received affidavits from two inmates who were occupying the cell during a period of time after the bolts were purportedly removed.

13. In the affidavits, the inmates averred that the bolts had not been removed, but were still protruding from the wall inside of cell B825.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Date: January 21, 2016

Ronald Hinton
Ronald Hinton
Reg. No. R32517
Stateville Corr. Ctr.
P.O. Box 112
Joliet, IL 60434