16007-FLY

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| RONALD HINTON, )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>MARCUS HARDY, TROY JOHNSON & )<br>JOEL DUNMARS, )<br>)<br>   Defendants. ) | No. 15 C 10240<br>Honorable Robert W. Gettleman |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Now comes the plaintiff, RONALD HINTON, by and through his attorneys, QUERREY & HARROW, LTD., and complaining of the defendants, MARCUS HARDY, TROY JOHNSON and JOEL DUNMARS and further alleges and states as follows:

**JURISDICTION**

1. This Court has jurisdiction over plaintiff's Federal claims pursuant to 28 U.S.C. Section 1331 and 1334(a)(3).

**VENUE**

2. The Northern District of Illinois is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because the events, acts and omissions giving rise to the claim occurred in this District.

**PARTIES**

3. Plaintiff, RONALD HINTON, is an inmate in the Illinois Department of Corrections at Stateville Correctional Center. Violation of the plaintiff's constitutional rights occurred at Stateville Correction Center.

4. MARCUS HARDY, at all relevant times, was/is the Chief Administrative Officer, Warden, Correctional Officer and/or employee of the Illinois Department of Corrections and assigned to Stateville Correctional Center. Defendant MARCUS HARDY is sued in his individual capacity.

5. Defendant, TROY JOHNSON, at all relevant times, was/is the Maintenance Officer, Correctional Officer and/or employee of the Illinois Department of Corrections and assigned to Stateville Correctional Center. Defendant TROY JOHNSON is sued in his individual capacity.

6. Defendant, JOEL DUNMARS, at all relevant times, was/is a Correctional Officer and/or employee of the Illinois Department of Corrections and assigned to Stateville Correctional Center. Defendant JOEL DUNMARS is sued in his official capacity.

7. At all times relevant to the events described herein, all the defendants have acted under color of state law.

## FACTUAL ALLEGATIONS

8. Stateville Correctional Center is a maximum security facility and/or the unit in which the plaintiff was housed is a maximum security unit.

9. At all relevant times, the plaintiff was assigned to Cell B-825. Cell B-825 is approximately six feet by ten feet. The plaintiff shared the cell with a fellow inmate. The cell contains "bunk beds" one low and one high. The plaintiff was assigned to the top bunk bed.

10. Inmates including the plaintiff assigned to the aforementioned housing unit are confined to their cells 23 of 24 hours.

11. When the plaintiff was assigned and placed in Cell B-825, two bolts protruded from the wall which posed a significant and unreasonable risk of harm. The bolts existed to hold a shelf in place but the shelf had been removed. Although the shelf had been removed, the bolts remained.

**ANSWER:**

12. The shelf was removed by Illinois Department of Corrections personnel.

13. The exposed bolts existed for a significant period of time, in excess of nine (9) months.

14. On multiple occasions the plaintiff suffered injuries. The plaintiff was lucky in that the injuries were relatively minor.

15. The plaintiff made numerous verbal complaints to numerous employees of the Illinois Department of Corrections including the defendants HARDY, JOHNSON and DUNMARS.

16. Defendant HARDY had actual knowledge of the condition, observed the condition, was aware of the dangers it posed, had significant time and opportunity to safeguard the condition, but did nothing. Specifically:

    (a) On or about July 13, 2012 a written emergency grievance was directed to the attention of HARDY;

    (b) On or about July 24, 2012, defendant HARDY toured "B-House" along with other individuals believed to be affiliated with "John Howard Association". He was told of the condition and observed the condition and was apprised of the prior injuries sustained by the plaintiff as well as the numerous complaints that had been made;

    (c) On August 29, 2012 a written emergency grievance was directed to HARDY;

(d) On or about September 19, 2012, defendant HARDY was present in B-House and was specifically advised of the protruding bolts, injuries sustained by plaintiff's cellmate from the bolts;

(e) On or about October 10, 2012, a written letter was directed to HARDY apprising him that the condition had not been addressed;

(f) On or about October 25, 2012, defendant HARDY toured "B-House" and was apprised that the condition still existed.

(g) Defendant JOHNSON had actual knowledge of the condition, the significant danger and did nothing. On or about July 23, 2012, written communication was directed to defendant JOHNSON.

(h) Defendant JOHNSON was given other verbal/written complaints related to the dangerous condition.

17. Defendant JOHNSON knew of the condition.

18. Defendant JOHNSON had the power and responsibility to correct the condition.

19. Defendant JOHNSON knew the protruding bolts posed an unnecessary and unreasonable risk of significant injury.

20. Defendant JOHNSON did nothing.

21. Defendant DUNMARS was given multiple verbal and written warnings.

22. On or about July 24, 2012, the plaintiff directed a letter to defendant DUNMARS advising of the condition, its danger and that he had sustained injuries.

23. Defendant DUNMARS had actual knowledge of the dangerous condition and that it posed a significant risk of significant injury.

24. Defendant DUNMARS had the ability and responsibility to address the condition.

25. Defendant DUNMARS did nothing.

26. On or about March 20, 2013, the plaintiff was exiting his assigned bunk, the top bunk and fell forward with his right eye making direct contact with the protruding bolt causing significant injury.

27. As a direct and proximate result, the plaintiff has had to endure significant medical treatment and surgical intervention and despite the above has significant residual impairment in addition to physical and emotional pain and suffering disability and disfigurement all of which are continuing.

28. The plaintiff has exhausted all available administrative remedies related to the matters described in his Second Amended Complaint.

## COUNT I

### DEFENDANT HARDY 42 U.S.C. Section 1983

29. The plaintiff adopts, realleges and incorporates paragraphs 1-27 of his Second Amended Complaint at Law as if fully set forth herein.

30. The defendant acted with deliberate indifference as to the protruding bolts which constituted a dangerous condition posing a significant risk of harm and in so doing violated the plaintiff's constitutional right under the Eighth Amendment of the Constitution of the United States. The plaintiff was denied his constitutional right to be free from cruel and unusual punishment and has sustained irreparable injury.

31. The defendant knowingly and intentionally deprived the plaintiff of his constitutional right to be free of cruel and unusual treatment.

## COUNT II

### DEFENDANT JOHNSON 42 U.S.C. Section 1983

32. The plaintiff adopts, realleges and incorporates paragraphs 1-27 of his Second Amended Complaint at Law as if fully set forth herein.

33. The defendant acted with deliberate indifference as to the protruding bolts which constituted a dangerous condition posing a significant risk of harm and in so doing violated the plaintiff's constitutional right under the Eighth Amendment of the Constitution of the United States. The plaintiff was denied his constitutional right to be free from cruel and unusual punishment and has sustained irreparable injury.

34. The defendant knowingly and intentionally deprived the plaintiff of his constitutional right to be free of cruel and unusual treatment.

## COUNT III

### DEFENDANT JOHNSON 42 U.S.C. Section 1983

35. The plaintiff adopts, realleges and incorporates paragraphs 1-27 of his Second Amended Complaint at Law as if fully set forth herein.

36. The defendant acted with deliberate indifference as to the protruding bolts which constituted a dangerous condition posing a significant risk of harm and in so doing violated the plaintiff's constitutional right under the Eighth Amendment of the Constitution of the United States. The plaintiff was denied his constitutional right to be free from cruel and unusual punishment and has sustained irreparable injury.

37. The defendant knowingly and intentionally deprived the plaintiff of his constitutional right to be free of cruel and unusual treatment.

WHEREFORE, the plaintiff, prays that judgment be entered in his favor on his Second Amended Complaint at Law and against the defendant, MARCUS HARDY, TROY JOHNSON and JOEL DUNMARS for monetary damages to compensate the plaintiff for his injuries, punitive damages for the willful wanton and intentional conduct of the defendants and for Court costs and attorney's fees.

PLAINTIFF DEMANDS A JURY DEMAND.

Respectfully submitted,
Attorneys for Plaintiff,

By: s/David J. Flynn

David J. Flynn
Querrey & Harrow, Ltd.
175 W. Jackson Blvd., Suite 1600
Chicago, IL 60604
312-540-7000
E-Mail: dflynn@querrey.com

Document #: 1786373