IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD HINTON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 10240 |
| | ) | |
| v. | ) | Honorable Robert W. Gettleman |
| | ) | Judge Presiding |
| MARCUS HARDY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Now come Defendants, Marcus Hardy, Troy Johnson, and Joel Dunmars, by and through their attorney, Lisa Madigan, Illinois Attorney General, and respectfully submit a memorandum in support of their Motion to Dismiss Plaintiff's Second Amended Complaint, stating as follows:

**RELEVANT FACTS**

On January 31, 2017, Plaintiff filed a Second Amended Complaint (SAC). (Doc. No. 54.) In his Second Amended Complaint, Plaintiff alleges that he sued Defendants Hardy and Johnson in their individual capacities and alleges that he sued Defendant Dunmars in his official capacity. (SAC ¶¶ 4-6.) Plaintiff claims that while incarcerated at Stateville Correctional Center, he was confined to the top bunk bed in cell unit B-825, a six by ten foot cell, for twenty-three hours per day. (SAC ¶¶ 9-10.) Plaintiff also claims that there were two bolts protruding from the wall in cell unit B-825 where a shelf had been removed by Illinois Department of Corrections personnel. (SAC ¶¶ 11-12.) The exposed bolts existed for over nine months and Plaintiff suffered relatively minor injuries on multiple occasions. (SAC ¶¶ 13-14.) Plaintiff alleges that he made numerous

verbal complaints to all Defendants. (SAC ¶ 15.) With respect to Defendant Hardy, Plaintiff alleges that he filed two emergency grievances, he spoke to Defendant Hardy about his prior injuries on three occasions, and he sent Defendant Hardy a letter regarding the condition. (SAC ¶ 16.) As to Defendant Johnson, Plaintiff alleges that he spoke to Defendant Johnson and wrote a letter to Defendant Johnson regarding the condition. (SAC ¶ 16.) Regarding Defendant Dunmars, Plaintiff alleges that he told Defendant Dunmars verbally and wrote a letter to Defendant Dunmars about the condition. (SAC ¶¶ 21-22.) Plaintiff claims that on March 20, 2013, while exiting his assigned bunk bed, he fell forward and his right eye made direct contact with a protruding bolt. (SAC ¶ 26.) Plaintiff alleges that he endured significant medical treatment and surgical intervention due to his right eye injury. (SAC ¶ 27.) Plaintiff claims that Defendant Hardy (Count I) and Defendant Johnson (Count II and Count III) acted with deliberate indifference to the protruding bolts which were "a dangerous condition posing a significant risk of harm," thus violating Plaintiff's constitutional rights. (SAC ¶¶ 29-37.)

## STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a plaintiff's complaint may not merely state an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

A plaintiff's complaint must contain allegations that "state a claim to relief that is plausible on its face." *Iqbal*, at 663, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 663. In reviewing the sufficiency of a complaint under this standard, the court must accept as true all well-pleaded factual allegations. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). However, legal conclusions and "conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.*

## ARGUMENT

### I. The Eleventh Amendment Provides Defendant Dunmars with Immunity From Suit.

Plaintiff seeks monetary relief only stemming, in part, from his allegations against Defendant Dunmars although his Second Amended Complaint clearly states that he sued Defendant Dunmars in his official capacity. (SAC ¶ 6 & p. 7.)

A suit against a defendant acting in his or her official capacity is effectively a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). A state is not a "person" subject to suit under 42 U.S.C. § 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Powers v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000). Additionally, the Eleventh Amendment generally bars suits in federal court against state officials in their official capacities when the state is the real party in interest. *Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir. 2002). "When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (internal quotation omitted).

The United States Supreme Court has unequivocally held that an unconsenting state cannot be sued in federal court unless Congress has chosen to override the Eleventh Amendment through legislation pursuant to its power under section five of the Fourteenth Amendment. *Pennhurst v. Halderman*, 465 U.S. 89, 100-01 (1984); *see also Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976). Courts recognize another exception to this rule where the plaintiff alleges a constitutional violation and seeks injunctive relief against a state official acting in his official capacity. *American Soc. of Consultant Pharmacists v. Patla*, 138 F.Supp.2d 1062, 1068 (N.D. Ill. 2001) (citing *Papasan v. Allian*, 478 U.S. 265, 276-78 (1986). However, this exception does not permit suits for monetary relief against state officials. *Edelman*, 415 U.S. at 664-67. In other words, courts can tell a state official to comply with federal standards in the future; however, federal courts cannot tell a state official to use state funds to make reparation for the past. *Edelman*, 412 U.S. at 664-65 (citing *Rothstein v. Wyman*, 467 F.2d 226 (2d Cir. 1972)).

In this case, Plaintiff's Second Amended Complaint clearly states that Defendant Dunmars is sued in his official capacity. (SAC ¶ 6.) Defendant Dunmars is an employee of the State of Illinois, therefore, the claims against Defendant Dunmars are barred by the Eleventh Amendment. Accordingly, the claims against Defendant Dunmars should be dismissed with prejudice.

**II.     Plaintiff Fails to State a Claim For Deliberate Indifference Against Defendants.**

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia,* 428 U.S. 153, 173 (1976)). Prison conditions that deprive inmates of basic human needs such as food, medical care, sanitation, or physical safety, may violate the Eighth Amendment. *Rhodes,* 452 U.S. at 346; *see also James v. Milwaukee Cnty.,* 956 F.2d 696, 699 (7th Cir. 1992).

In order to prevail on a conditions claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991). In other words, the condition, viewed objectively, must present an excessive risk to physical safety. The subjective deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm.[1] *Farmer,* 511 U.S. at 842. Mere negligence, however, will not lead to liability in a Section 1983 case. *Daniels v. Williams,* 474 U.S. 327, 328 (1986).

With respect to the objective component of the deliberate indifference test, where prison inmates have sustained some injury caused by a dangerous condition on the premises, courts have generally found that such conditions were not objectively serious enough to implicate the Eighth Amendment. *See, e.g., Christopher v. Buss,* 384 F.3d 879, 881-83 (7th Cir. 2004) (inmate injured by softball that bounced off hazardous protrusion on field was not exposed to a sufficiently serious objective risk to his safety); *Carroll v. DeTella,* 255 F.3d 470, 472 (7th Cir. 2001) ("[F]ailing to provide a maximally safe environment, one completely free from ... safety hazards, is not [a constitutional violation]."); *Bair v. Grounds,* No. 11–cv–718–MJR, 2012 WL 3261366 (S.D. Ill. Aug. 8, 2012) (dangerous gym floor did not pose excessive risk to health or safety; Eighth Amendment claim dismissed under § 1915A).

In the case at bar, Plaintiff alleges there were two bolts that protruded from the wall of his cell on which he sustained minor injuries until March 20, 2013, when he allegedly sustained a

---

[1] For purposes of this FRCP 12(b)(6) motion alone, Defendants do not address the subjective component of the deliberate indifference test. Defendants deny that Plaintiff has properly alleged either component of the deliberate indifference test.

serious injury to his right eye. (SAC ¶¶ 11, 14, 26.) Based on the above case law, Defendants assert that the protruding bolts are not objectively serious enough to implicate the Eighth Amendment. As the Seventh Circuit observed, "[a]n objectively 'sufficiently serious' risk ... is one that society considers so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency [such as] the acute risks posed by exposure to raw sewage, or inordinate levels of environmental tobacco smoke, or amputation from operating obviously dangerous machinery, or potential attacks by other inmates...." *Christopher v. Buss,* 384 F.3d 879, 882 (7th Cir. 2004) (internal citations omitted). Two bolts protruding from a cell wall is not the type of condition that society would consider "so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency." *See id.*

Although the bolts could possibly present some danger of harm, taking Plaintiff's allegations as true for the sake of the instant motion, the risk of poorly maintained shelving hardware in a prison cell is not one that today's society chooses not to tolerate. *See Helling v. McKinney*, 509 U.S. 25, 35-36 (1993). Rather, it is the type of risk many encounter voluntarily in their daily lives. The fact that it was many months before Plaintiff suffered a severe injury, shows that Plaintiff was not in imminent danger when he was confined to cell B-825. Plaintiff's allegation that he was placed in a cell with protruding bolts is not sufficient to properly allege an excessive risk to Plaintiff's health and safety or a denial of the minimal civilized measure of life's necessities.

For the reasons stated above, and because Plaintiff's Second Amended Complaint does not contain a Count for deliberate indifference against Defendant Dunmars, Plaintiff's deliberate indifference claims against all Defendants should be dismissed with prejudice.

**CONCLUSION**

Plaintiff's claims against Defendant Dunmars are barred by the Eleventh Amendment which prohibits claims against state actors in their official capacities for monetary relief. Further, Plaintiff has failed to adequately and plausibly allege a claim against all Defendants in that Plaintiff has failed to state a deliberate indifference claim against them.

Wherefore, for the reasons stated above, Defendants Marcus Hardy, Troy Johnson, and Joel Dunmars, respectfully request that the Court dismiss the claims against them in Plaintiff's Second Amended Complaint, and grant such other relief as the Court finds reasonable and just.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By: */s/ Deborah J. Baker*
Deborah J. Baker
Assistant Attorney General
100 West Randolph St., 13th Floor
Chicago, Illinois 60601
(312) 814-2035
Dbaker@atg.state.il.us

*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on February 14, 2017, she electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

                                              */s/ Deborah J. Baker*