IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 10240 |
| | ) | |
| v. | ) | Honorable Robert W. Gettleman |
| | ) | Judge Presiding |
| MARCUS HARDY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Now come Defendants, Marcus Hardy, Joel Dunmars, and Troy Johnson, by and through their attorney Lisa Madigan, Attorney General of the State of Illinois, and hereby Answer Plaintiff's Second Amended Complaint as follows:

### JURISDICTION

1. This Court has jurisdiction over plaintiff's Federal claims pursuant to 28 U.S.C. Section 1331 and 1334(a)(3).

**ANSWER: Defendants admit that this Court would have jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1343(a) were this action proper. However, Defendants deny any violation or deprivation of Plaintiff's rights.**

### VENUE

2. The Northern District of Illinois is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because the events, acts and omissions giving rise to the claim occurred in this District.

**ANSWER: Defendants admit that venue is proper in the Northern District of Illinois.**

### PARTIES

3. Plaintiff, RONALD HINTON, is an inmate in the Illinois Department of Corrections at Stateville Correctional Center. Violation of the plaintiff's constitutional rights occurred at Stateville Correction Center.

**ANSWER: Defendants admit that Plaintiff is an inmate in the Illinois Department of Corrections at Stateville Correctional Center. Defendants deny the remaining allegations in paragraph 3 of Plaintiff's Second Amended Complaint.**

4. MARCUS HARDY, at all relevant times, was/is the Chief Administrative Officer, Warden, Correctional Officer and/or employee of the Illinois Department of Corrections and

1

assigned to Stateville Correctional Center. Defendant MARCUS HARDY is sued in his individual capacity.

**ANSWER: Defendants admit that Marcus Hardy was the Chief Administrative Officer at Stateville Correctional Center during certain relevant times in this lawsuit. Further, Defendants admit that Plaintiff purports to sue Defendant Hardy in his individual capacity. Defendants deny the remaining allegations in paragraph 4 of Plaintiff's Second Amended Complaint.**

5. Defendant, TROY JOHNSON, at all relevant times, was/is the Maintenance Officer, Correctional Officer and/or employee of the Illinois Department of Corrections and assigned to Stateville Correctional Center. Defendant TROY JOHNSON is sued in his individual capacity.

**ANSWER: Defendants admit that Troy Johnson was the Chief Engineer at Stateville Correctional Center. Further, Defendants admit that Plaintiff purports to sue Defendant Johnson in his individual capacity. Defendants deny the remaining allegations in paragraph 5 of Plaintiff's Second Amended Complaint.**

6. Defendant, JOEL DUNMARS, at all relevant times, was/is a Correctional Officer and/or employee of the Illinois Department of Corrections and assigned to Stateville Correctional Center. Defendant JOEL DUNMARS is sued in his individual capacity.[1]

**ANSWER: Defendants admit that Joel Dunmars is a correctional lieutenant with the Illinois Department of Corrections who worked at Stateville Correctional Center during certain relevant times in this lawsuit. Further, Defendants admit that Plaintiff purports to sue Defendant Dunmars in his individual capacity. Defendants deny the remaining allegations in paragraph 6 of Plaintiff's Second Amended Complaint.**

7. At all times relevant to the events described herein, all the defendants have acted under color of state law.

**ANSWER: Defendants admit the allegations in paragraph 7 of Plaintiff's Second Amended Complaint.**

## FACTUAL ALLEGATIONS

8. Stateville Correctional Center is a maximum security facility and/or the unit in which the plaintiff was housed is a maximum security unit.

**ANSWER: Defendants admit that Stateville Correctional Center is a maximum facility prison. Defendants deny the remaining allegations in paragraph 8 of Plaintiff's Second Amended Complaint.**

---

[1] Although Plaintiff's Second Amended Complaint claims to sue Defendant Joel Dunmars in his official capacity, the Court amended the Second Amended Complaint to reflect that Defendant Joel Dunmars is being sued in his individual capacity. (ECF No. 60.)

9. At all relevant times, the plaintiff was assigned to Cell B-825. Cell B-825 is approximately six feet by ten feet. The plaintiff shared the cell with a fellow inmate. The cell contains "bunk beds" one low and one high. The plaintiff was assigned to the top bunk bed.

**ANSWER: Defendants admit that during a certain time period, Plaintiff was assigned to cell "B-825" which has a bunk bed. Defendants deny the remaining allegations in paragraph 9 of Plaintiff's Second Amended Complaint.**

10. Inmates including the plaintiff assigned to the aforementioned housing unit are confined to their cells 23 of 24 hours.

**ANSWER: Defendants deny the allegations in paragraph 10 of Plaintiff's Second Amended Complaint.**

11. When the plaintiff was assigned and placed in Cell B-825, two bolts protruded from the wall which posed a significant and unreasonable risk of harm. The bolts existed to hold a shelf in place but the shelf had been removed. Although the shelf had been removed, the bolts remained.

**ANSWER: Defendants deny the allegations in paragraph 11 of Plaintiff's Second Amended Complaint.**

12. The shelf was removed by Illinois Department of Corrections personnel.

**ANSWER: Defendants deny the allegations in paragraph 12 of Plaintiff's Second Amended Complaint.**

13. The exposed bolts existed for a significant period of time, in excess of nine (9) months.

**ANSWER: Defendants deny the allegations in paragraph 13 of Plaintiff's Second Amended Complaint.**

14. On multiple occasions the plaintiff suffered injuries. The plaintiff was lucky in that the injuries were relatively minor.

**ANSWER: Defendants deny the allegations in paragraph 14 of Plaintiff's Second Amended Complaint.**

15. The plaintiff made numerous verbal complaints to numerous employees of the Illinois Department of Corrections including the defendants HARDY, JOHNSON and DUNMARS.

**ANSWER: Defendants deny the allegations in paragraph 15 of Plaintiff's Second Amended Complaint.**

16. Defendant HARDY had actual knowledge of the condition, observed the condition, was aware of the dangers it posed, had significant time and opportunity to safeguard the condition, but did nothing. Specifically:

    (a) On or about July 13, 2012 a written emergency grievance was directed to the attention of HARDY;

(b) On or about July 24, 2012, defendant HARDY toured "B-House" along with other individuals believed to be affiliated with "John Howard Association". He was told of the condition and observed the condition and was apprised of the prior injuries sustained by the plaintiff as well as the numerous complaints that had been made;

(c) On August 29, 2012 a written emergency grievance was directed to HARDY;

(d) On or about September 19, 2012, defendant HARDY was present in B-House and was specifically advised of the protruding bolts, injuries sustained by plaintiff's cellmate from the bolts;

(e) On or about October 10, 2012, a written letter was directed to HARDY apprising him that the condition had not been addressed;

(f) On or about October 25, 2012, defendant HARDY toured "B-House" and was apprised that the condition still existed.

(g) Defendant JOHNSON had actual knowledge of the condition, the significant danger and did nothing. On or about July 23, 2012, written communication was directed to defendant JOHNSON.

(h) Defendant JOHNSON was given other verbal/written complaints related to the dangerous condition.

**ANSWER: Defendants deny the allegations in paragraph 16, specifically subparagraphs (a) through (h) of Plaintiff's Second Amended Complaint.**

17. Defendant JOHNSON knew of the condition.

**ANSWER: Defendants deny the allegations in paragraph 17 of Plaintiff's Second Amended Complaint.**

18. Defendant JOHNSON had the power and responsibility to correct the condition.

**ANSWER: Defendants deny the allegations in paragraph 18 of Plaintiff's Second Amended Complaint.**

19. Defendant JOHNSON knew the protruding bolts posed an unnecessary and unreasonable risk of significant injury.

**ANSWER: Defendants deny the allegations in paragraph 19 of Plaintiff's Second Amended Complaint.**

20. Defendant JOHNSON did nothing.

**ANSWER: Defendants deny the allegations in paragraph 20 of Plaintiff's Second Amended Complaint.**

21. Defendant DUNMARS was given multiple verbal and written warnings.

**ANSWER: Defendants deny the allegations in paragraph 21 of Plaintiff's Second Amended Complaint.**

22. On or about July 24, 2012, the plaintiff directed a letter to defendant DUNMARS advising of the condition, its danger and that he had sustained injuries.

**ANSWER: Defendants deny the allegations in paragraph 22 of Plaintiff's Second Amended Complaint.**

23. Defendant DUNMARS had actual knowledge of the dangerous condition and that it posed a significant risk of significant injury.

**ANSWER: Defendants deny the allegations in paragraph 23 of Plaintiff's Second Amended Complaint.**

24. Defendant DUNMARS had the ability and responsibility to address the condition.

**ANSWER: Defendants deny the allegations in paragraph 24 of Plaintiff's Second Amended Complaint.**

25. Defendant DUNMARS did nothing.

**ANSWER: Defendants deny the allegations in paragraph 25 of Plaintiff's Second Amended Complaint.**

26. On or about March 20, 2013, the plaintiff was exiting his assigned bunk, the top bunk and fell forward with his right eye making direct contact with the protruding bolt causing significant injury.

**ANSWER: Defendants deny the allegations in paragraph 26 of Plaintiff's Second Amended Complaint.**

27. As a direct and proximate result, the plaintiff has had to endure significant medical treatment and surgical intervention and despite the above has significant residual impairment in addition to physical and emotional pain and suffering disability and disfigurement all of which are continuing.

**ANSWER: Defendants deny the allegations in paragraph 27 of Plaintiff's Second Amended Complaint.**

28. The plaintiff has exhausted all available administrative remedies related to the matters described in his Second Amended Complaint.

**ANSWER: Defendants deny the allegations in paragraph 28 of Plaintiff's Second Amended Complaint.**

## COUNT I

### DEFENDANT HARDY 42 U.S.C. Section 1983

29. The plaintiff adopts, realleges and incorporates paragraphs 1-27 of his Second Amended Complaint at Law as if fully set forth herein.

**ANSWER: Defendants incorporate by reference all responses in the above paragraphs 1-27 as their answer to paragraph 29 of Plaintiff's Second Amended Complaint.**

30. The defendant acted with deliberate indifference as to the protruding bolts which constituted a dangerous condition posing a significant risk of harm and in so doing violated the plaintiff's constitutional right under the Eighth Amendment of the Constitution of the United States. The plaintiff was denied his constitutional right to be free from cruel and unusual punishment and has sustained irreparable injury.

**ANSWER: Defendants deny the allegations in paragraph 30 of Plaintiff's Second Amended Complaint.**

31. The defendant knowingly and intentionally deprived the plaintiff of his constitutional right to be free of cruel and unusual treatment.

**ANSWER: Defendants deny the allegations in paragraph 31 of Plaintiff's Second Amended Complaint.**

## COUNT II

### DEFENDANT JOHNSON 42 U.S.C. Section 1983

32. The plaintiff adopts, realleges and incorporates paragraphs 1-27 of his Second Amended Complaint at Law as if fully set forth herein.

**ANSWER: Defendants incorporate by reference all responses in the above paragraphs 1-27 as their answer to paragraph 32 of Plaintiff's Second Amended Complaint.**

33. The defendant acted with deliberate indifference as to the protruding bolts which constituted a dangerous condition posing a significant risk of harm and in so doing violated the plaintiff's constitutional right under the Eighth Amendment of the Constitution of the United States. The plaintiff was denied his constitutional right to be free from cruel and unusual punishment and has sustained irreparable injury.

**ANSWER: Defendants deny the allegations in paragraph 33 of Plaintiff's Second Amended Complaint.**

34. The defendant knowingly and intentionally deprived the plaintiff of his constitutional right to be free of cruel and unusual treatment.

**ANSWER: Defendants deny the allegations in paragraph 34 of Plaintiff's Second Amended Complaint.**

## COUNT III

## DEFENDANT JOHNSON 42 U.S.C. Section 1983

35. The plaintiff adopts, realleges and incorporates paragraphs 1-27 of his Second Amended Complaint at Law as if fully set forth herein.

**ANSWER: Defendants incorporate by reference all responses in the above paragraphs 1-27 as their answer to paragraph 35 of Plaintiff's Second Amended Complaint.**

36. The defendant acted with deliberate indifference as to the protruding bolts which constituted a dangerous condition posing a significant risk of harm and in so doing violated the plaintiff's constitutional right under the Eighth Amendment of the Constitution of the United States. The plaintiff was denied his constitutional right to be free from cruel and unusual punishment and has sustained irreparable injury.

**ANSWER: Defendants deny the allegations in paragraph 36 of Plaintiff's Second Amended Complaint.**

37. The defendant knowingly and intentionally deprived the plaintiff of his constitutional right to be free of cruel and unusual treatment.

**ANSWER: Defendants deny the allegations in paragraph 37 of Plaintiff's Second Amended Complaint.**

WHEREFORE, the plaintiff, prays that judgment be entered in his favor on his Second Amended Complaint at Law and against the defendant, MARCUS HARDY, TROY JOHNSON, and JOEL DUNMARS, for monetary damages to compensate the plaintiff for his injuries, punitive damages for the willful wanton and intentional conduct of the defendants and for Court costs and attorney's fees.

**ANSWER: Defendants deny that Plaintiff is entitled to any relief whatsoever.**

## GENERAL DENIAL

Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Now come Defendants Marcus Hardy, Joel Dunmars, and Troy Johnson, through their

attorney, Lisa Madigan, Illinois Attorney General, to plead the following Affirmative Defense:

### First Affirmative Defense
### Qualified Immunity

At all times relevant herein, Defendants acted in good faith and in furtherance of lawful

objectives without violating Plaintiff's clearly established statutory or constitutional rights of

7

which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

## JURY DEMAND

Defendants demand a trial by jury on all issues herein triable.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By: */s/ Deborah J. Baker*
Deborah J. Baker
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Floor
Chicago, Illinois 60601
(312) 814-2035
Dbaker@atg.state.il.us

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 15, 2017, she electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Deborah J. Baker*